**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREATER LOS ANGELES AGENCY ON DEAFNESS, INC.; DANIEL JACOB; EDWARD KELLY; JENNIFER OLSON, on behalf of themselves and all others similarly situated, *Plaintiffs-Appellees*, <br><br> v. <br><br> CABLE NEWS NETWORK, INC., incorrectly sued as Time Warner Inc., *Defendant-Appellant*. | No. 12-15807 <br><br> D.C. No. 3:11-cv-03458-LB <br><br> ORDER CERTIFYING QUESTION TO CALIFORNIA SUPREME COURT |

Filed February 5, 2014

Before: J. Clifford Wallace, M. Margaret McKeown, and Sandra S. Ikuta, Circuit Judges.

**COUNSEL**

Thomas R. Burke (argued), Rochelle L. Wilcox, Janet L. Grumer, Jeff Glasser, Davis Wright Tremaine, San Francisco, California; Ronald London, Davis Wright Tremaine, Washington, D.C., for Defendant-Appellant.

Laurence W. Paradis (argued), Mary-Lee K. Smith, and Michael Nunez, Disability Rights Advocates, Berkeley, California; Linda M. Dardarian and Jason H. Tarricone, Goldstein, Demchak, Baller, Borgen & Dardarian, Oakland, California; Peter Blanck, Syracuse, New York, for Plaintiffs-Appellees.

Karl Olson, Ram, Olson, Cereghino & Kopczynski, San Francisco, California, for Amici Curiae Los Angeles Times Communications LLC, McClatchy Newspapers, Inc., Hearst Corporation, California Newspaper Publishers Association, and California Broadcasters Association.

John F. Waldo, Portland, Oregon, for Amici Curiae Washington State Communication Access Project, Oregon Communication Access Project, Association of Late Deafened Adults (ALDA), Aloha State (Hawaii) Association of the Deaf, Arizona Association of the Deaf, California Association of the Deaf, Nevada Association of the Deaf, Idaho Association of the Deaf, and Oregon Association of the Deaf.

Howard A. Rosenblum and Andrew S. Phillips, National Association of the Deaf, Silver Spring, Maryland; Blake E. Reid and Angela J. Campbell, Institute for Public Representation, Georgetown Law, Washington, D.C., for Amici Curiae Telecommunications for the Deaf and Hard of

Hearing, Inc., National Association of the Deaf, and the Hearing Loss Association of America.

## ORDER

We respectfully ask the California Supreme Court to answer the certified question set forth below.  The answer to this question will determine the outcome of this appeal, and there is no controlling precedent in the decisions of the California Supreme Court.  Although we are mindful that our certification request adds to the burgeoning caseload of the California Supreme Court, this case raises an important question of California law and has broad implications for disability rights.  "Comity and federalism counsel that the California Supreme Court, rather than this court, should answer" the certified question.  *Munson v. Del Taco, Inc.*, 522 F.3d 997, 999 (9th Cir. 2008) (certifying questions to California Supreme Court).

## QUESTION CERTIFIED

Pursuant to Rule 8.548 of the California Rules of Court, we respectfully request that the Supreme Court of California answer the following question:

The California Disabled Persons Act, Cal. Civ. Code §§ 54 *et seq.* ("DPA") provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities . . . and privileges of . . . places of public accommodation . . . and other places to which the general public is invited." *Id.* § 54.1(a)(1).  Does the DPA's

reference to "places of public accommodation" include web sites, which are non-physical places?

In response to this question, the California Supreme Court shall not be bound by the manner in which the question has been phrased by this court. We agree to follow the answer provided by the California Supreme Court.

## BACKGROUND

Defendant Cable News Network, Inc. ("CNN") operates CNN.com, a publicly accessible web site containing online news videos. In December 2010, the Greater Los Angeles Agency on Deafness, Inc. ("GLAAD") requested that Time Warner Inc. ("Time Warner")[1] caption all of the videos on its news web sites so that hearing-impaired visitors could have full access to the online videos. In February 2011, CNN responded that it offered a number of text-based services and explained that CNN would be "ready to provide whatever web access is ultimately required" by a then-pending federal rulemaking action regarding the captioning of online videos.

GLAAD and CNN did not reach an agreement over captioning, and in June 2011, GLAAD filed suit in California state court, naming Time Warner[2] as the defendant. GLAAD's Complaint alleges violations of the California

---

[1] CNN is a wholly owned subsidiary of Turner Broadcasting System, Inc., which, according to CNN's Corporate Disclosure Statement, "is ultimately wholly owned by Time Warner Inc."

[2] Although GLAAD initially named Time Warner as defendant in the Complaint, the parties subsequently stipulated that CNN would be substituted for Time Warner.

Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.* ("Unruh Act"), and the California Disabled Persons Act, Cal. Civ. Code §§ 54 *et seq.* ("DPA"), and seeks damages, declaratory relief, and a preliminary and permanent injunction "requiring [CNN] to take steps necessary to ensure that the benefits and advantages offered by CNN.com are fully and equally enjoyable to persons who are deaf or have hearing loss in California." CNN removed the action to federal court, and the parties consented to have the matter heard before a magistrate judge. CNN filed a motion to strike under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, which provides for the "early dismissal of unmeritorious claims filed to interfere with the valid exercise of the constitutional rights of freedom of speech and petition," *Club Members for an Honest Election v. Sierra Club*, 45 Cal. 4th 309, 315 (2008).

The statute establishes a two-step analysis for determining whether a cause of action must be stricken under Section 425.16. *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002). Under the first step, the defendant is required to make "a threshold showing that the challenged cause of action" arises from acts "taken in furtherance of the [defendant]'s right of petition or free speech . . . in connection with a public issue." *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002) (alteration in original) (internal quotation marks omitted). At the second step, the burden shifts to the plaintiff to establish, with competent evidence, "a probability that [he] will prevail on the claim[s]." Cal. Civ. Proc. Code § 425.16(b)(1). Applying this analysis, the magistrate judge found that CNN failed to satisfy the threshold showing at the first step of the anti-SLAPP analysis and therefore denied CNN's anti-SLAPP motion without reaching the second merits-based step. CNN timely appealed.

In an opinion published concurrently with this order, we reversed the magistrate judge's decision at the first step of the anti-SLAPP inquiry, concluding that GLAAD's action arose from conduct in furtherance of CNN's free speech rights. We exercised our discretion to consider the second step in the first instance. *Wallace v. McCubbin*, 196 Cal. App. 4th 1169, 1195 (2011) ("[W]e have discretion to decide the [second step anti-SLAPP] issue ourselves, since it is subject to independent review."). We concluded that GLAAD was unable to prove a probability of prevailing on its Unruh Act claims as a matter of California law because GLAAD could not establish that CNN engaged in intentional discrimination. After rejecting CNN's constitutional objections to GLAAD's DPA claims, we deferred decision on the remaining issue of whether GLAAD can prove a probability of prevailing on its DPA claims pending resolution of the certified question.

## REASONS FOR CERTIFICATION

The certified question presents an issue of significant precedential and public policy importance. Numerous recent cases have discussed the DPA's applicability to virtual spaces like web sites, but there is no conclusive California authority on point. Since the Internet is increasingly ubiquitous in daily life, and this question is likely to recur, we respectfully request that the California Supreme Court resolve the issue. We provide the following summary of the parties' arguments and the relevant case law regarding the applicability of the DPA to web sites. We acknowledge that reasonable arguments exist on both sides of the issue and do not advocate for a particular resolution to the certified question.

In its brief to our court, CNN argues that "[n]o published appellate decision has interpreted the [DPA] to apply to a

website that is not related to a brick and mortar place of public accommodation." To support this position, CNN relies on federal district court cases in California analyzing DPA claims deriving from alleged Americans with Disabilities Act ("ADA") violations. *See Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012) (stating that "[t]he Netflix website is not an actual physical place, and therefore, under Ninth Circuit law, is not a place of public accommodation" under the ADA (internal quotation marks omitted)); *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 952, 958 (N.D. Cal. 2006) ("*Target I*") (stating, as to the ADA, that the "Ninth Circuit has declined to join those circuits which have suggested that a 'place of public accommodation' may have a more expansive meaning"). In *Netflix,* the court ruled that, because the plaintiff could not show a violation of the ADA, he could not bring derivative claims for violation of the DPA based on Netflix's failure to provide closed captioning for hearing-impaired individuals on its streaming library. *Netflix*, 880 F. Supp. 2d at 1024.

CNN further contends that California courts have applied the DPA only where there was a denial of physical access. *See Turner v. Ass'n of Am. Med. Colls.*, 167 Cal. App. 4th 1401, 1412–13 (2008) (holding that there was no violation of the DPA where there was no denial of physical access to testing facility); *Madden v. Del Taco, Inc.*, 150 Cal. App. 4th 294, 301 (2007) (holding that § 54 "has always drawn meaning from a growing body of legislation intended to reduce or eliminate the physical impediments to participation of physically handicapped persons in community life" (alterations omitted) (internal quotation marks omitted)).

GLAAD counters that the cases limiting the scope of DPA claims involved claims that were derivative of ADA

violations.  GLAAD posits that because its DPA claims arise independently of the ADA, these claims are not foreclosed by the authority cited by CNN.  More specifically, in *Netflix*, the court stated that the "[plaintiff] may be able to pursue his discrimination claims if they are asserted as independent claims separate from an ADA violation because both the Unruh Act and the DPA apply to websites."  880 F. Supp. 2d at 1024.  GLAAD also relies upon *Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185 (N.D. Cal. 2007) ("*Target II*"), where the court held for class certification purposes that "the DPA reach[es] Target.com as a kind of business establishment and an accommodation, advantage, facility, and privilege of a place of public accommodation." *Id.* at 1196.

GLAAD additionally states that, although the cases upon which CNN relies address the DPA's application to physical places, these cases did not specifically address whether the DPA applies to non-physical places.  GLAAD maintains that the DPA should be interpreted broadly, citing California authority stating that the DPA "may also be construed as requiring equal physical access to a nontangible location such as an internet site."  *Turner*, 167 Cal. App. 4th at 1412.  In addition, GLAAD argues that the addition of "telephone facilities" to the list of places covered by the DPA favors a holding that the DPA applies to web sites, because "telephone facilities" covers not just physical locations, but also "tariff items and other equipment and services."  Cal. Civ. Code § 54.1(a)(1), (2).

Finally, GLAAD points to the DPA's statement that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities . . . and privileges

of . . . places of public accommodation . . . and other places to which the general public is invited." *Id.* § 54.1(a)(1). GLAAD buttresses its policy argument by stating that "California courts have applied a canon of broad construction to civil rights statutes generally, and to § 51 [the Unruh Act] and § 54.1 [the DPA] in particular." *Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433, 438 (N.D. Cal. 1994). This canon of construction, GLAAD argues, reinforces the contention that "CNN.com is surely a 'place' to which the public is 'invited,' particularly given the increasing importance of the Internet." CNN's reply brief rejects such a broad construction of the statute, focusing on the fact that the statutory text of the DPA "does not include the words 'internet' or 'services' or any other words indicating that it applies to anything other than physical places."

The foregoing precedent leaves us unable to predict how the California Supreme Court would resolve the certified question. Because the question would have significant ramifications for California disability law and would determine the outcome of this appeal, we respectfully seek guidance from the California Supreme Court.

## ADMINISTRATIVE INFORMATION

The title of this matter is GREATER LOS ANGELES AGENCY ON DEAFNESS, INC.; DANIEL JACOB; EDWARD KELLY; JENNIFER OLSON, on behalf of themselves and all others similarly situated, v. CABLE NEWS NETWORK, INC., incorrectly sued as Time Warner Inc. The docket number is 12-15807. If our request for decision is granted, we designate CNN as the petitioner. Cal. R. Ct. 8.548(b)(1).

The names and addresses of counsel for defendant-appellant CNN are:

> Thomas R. Burke
> Jeffrey D. Glasser
> Rochelle L. Wilcox
> Janet L. Grumer
> Davis Wright Tremaine LLP
> 505 Montgomery Street, Suite 800
> San Francisco, CA 94111
>
> Ronald London
> Davis Wright Temaine LLP
> 1919 Pennsylvania Avenue, NW, Suite 800
> Washington, DC 20006

The names and addresses of counsel for plaintiffs-appellees GLAAD, Daniel Jacob, Edward Kelly, and Jennifer Olson are:

> Laurence W. Paradis
> Michael S. Nunez
> Mary-Lee K. Smith
> Disability Rights Advocates
> 2001 Center Street, Fourth Floor
> Berkeley, CA 94704
>
> Peter Blanck
> Law Offices of Peter Blanck
> Crouse-Hinds Hall, Suite 300
> 900 S. Crouse Ave.
> Syracuse, NY 13244

Linda M. Dardarian
Jason H. Tarricone
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612

Pursuant to California Rule of Court 8.548(d), the Clerk of this Court shall forward an original and 10 copies of this order, under official seal, to the California Supreme Court, along with a certificate of service on the parties, and copies of all briefs, excerpts of record, requests for judicial notice, and post-argument letters that have been filed with this court.

This case is withdrawn from submission until further order of this court, and all further proceedings in this court are stayed pending final action by the California Supreme Court. The parties shall notify the Clerk of this Court within seven days after the California Supreme Court accepts or rejects certification, and again within seven days if the California Supreme Court renders an opinion. The panel retains jurisdiction over further proceedings.

**IT IS SO ORDERED.**